NEW JERSEY ANNUAL CONFERENCE OF FIRST EPIS-
COPAL DISTRICT OF THE AFRICAN METHODIST EPIS-
COPAL CHURCH, THEODORE R. KELLY, ROBERT S.
SMALLS, GERALDINE S. WEBSTER, ROBERT HALL,
RUFUS ARMSTRONG, GEORGE D. JACKSON, JAMES
HAMM, ALFRED P. WHITE AND JAMES W. SIMMS,
MEMBERS, TRUSTEES AND TITULAR OWNERS OF THE
MT. ZION AFRICAN METHODIST EPISCOPAL CHURCH
OF PLAINFIELD, NEW JERSEY, PLAINTIFFS-RESPOND-
ENTS, v. OVIE E. LATTIMORE, DEFENDANT-APPEL-
LANT.

Superior Court of New Jersey
Appellate Division

Argued February 5, 1951—Decided February 13, 1951.

Before Judges McGeehan, Jayne and Wm. J. Brennan, Jr.

*Mr. Robert S. Hartgrove* argued the cause for the appellant.

*Mr. Joseph Steiner* argued the cause for the respondents (*Mr. David Silver,* attorney).

The opinion of the court was delivered by

Jayne, J. A. D.  Upon the theory that the order of the judge of the Chancery Division denying the defendant's motion to strike the amended complaint filed by leave of court in this action involved the determination of a question of jurisdiction, the present appeal comes before us.  *Rule* 4:2–2

(a) (3). Since the propriety of the prosecution of the appeal has not been a subject of debate, we express no opinion on that feature of the case. But see, *Rossbach v. The Evening News Pub. Co.*, 3 *N. J. Super.* 143 (*App. Div.* 1949); *Petersen v. Falzarano*, 9 *N. J. Super.* 106 (*App. Div.* 1950); *Behrman v. Egan*, 9 *N. J. Super.* 171 (*App. Div.* 1950).

A few words will be informative of the sequence of events in the progress of this action. The litigation was inaugurated on May 13, 1949, in the Chancery Division of this court by the plaintiff, New Jersey Annual Conference of First Episcopal District of the African Methodist Episcopal Church primarily to enjoin the defendant from acting as pastor of the Mt. Zion Church of Plainfield, New Jersey, and to restrain him and all others from interfering with the pastor appointed by the bishop to serve that congregation. Compare, *Mathis v. Holmes*, 134 *N. J. Eq.* 186 (*Ch.* 1943).

On May 31, 1949, restraint was granted *pendente lite*. No appeal has been taken from that order. *Rule* 4:2–2(a)(1). On July 22, 1949, the defendant was ordered to show cause why he should not vacate not only the church building, but also the adjoining parsonage. On August 26, 1949, an order issued commanding the defendant to relinquish his occupancy of the parsonage. On September 12, 1949, an order followed directing the defendant to show cause why he should not be adjudged in contempt for his disobedience of the order of August 26, 1949. On September 23, 1949, the defendant was adjudged guilty of civil contempt.

It was from the last-mentioned adjudication that the defendant prosecuted an appeal to this Division. On appeal it was resolved that "since no one asserting any property right, legal or equitable, was joined as party plaintiff or party petitioner, there was no one before the court who had any standing to question the use of this property (the parsonage) of the church; consequently, the court lacked jurisdiction to make the order of August 26, 1949." 6 *N. J. Super.* 348, 352 (*App. Div.* 1950).

Thereafter, and obviously in consequence of the decision of the appellate tribunal, a motion was made in the trial divi-

sion upon due notice to the defendant for leave to add as co-plaintiffs in the action certain persons represented to be trustees and members of the Mt. Zion Church, and to make the appropriate amendments to the original complaint. *Vide, Everett v. First Presbyterian Church,* 53 *N. J. Eq.* 500 (*Ch.* 1895); *Skinner v. Holmes,* 133 *N. J. Eq.* 593 (*Ch.* 1943); *R. S.* 16:1–25.

The application was resisted and briefs submitted. On August 7, 1950, an order was filed directing that the designated persons "be admitted as co-plaintiffs, and as members and trustees of Mt. Zion African Methodist Episcopal Church of Plainfield with the present plaintiff and on the same set of pleadings now before the court and the present plaintiff shall have leave to file an amended complaint within 10 days; and that the intervenors be permitted to adopt all allegations of the complaint where applicable and pray for the same relief now asked for in the complaint." Permission was accorded the defendant to respond by further pleading or otherwise to the complaint as amended.

The amended complaint was filed forthwith. No appeal was taken from the order of August 7, 1950, but on or about August 31, 1950, counsel for the defendant served notice that on September 6, 1950, he would "move for the dismissal of the amended complaint" for the following reasons:

"1. The said Amended Complaint is not verified.

2. The original Complaint as filed herein is not annexed to the said Amended Complaint.

3. The said Amended Complaint seeks to set forth a new cause of action, in violation of *Rule* 3:15–3.

4. The said Amended Complaint seeks to present a valid cause of action before the Court where none existed under the original Complaint filed herein.

5. The non-joinder of proper parties plaintiff.

6. The said Amended Complaint does not set forth a cause of action, or, in the alternative.

7. To strike the 20th paragraph of the said Amended Complaint upon the ground that the same does not form a part of the original Complaint and can not be incorporated into the Amended Complaint by reference."

The propriety of the order dismissing the defendant's motion constitutes the subject matter of the present appeal.

We perceive nothing in the action of the court which is either offensive to the philosophy of our modern practice and procedure or harmful and prejudicial to the defendant.

Essentially, the admission of the additional parties and the appropriate consequential changes in the original complaint were, in effect, an augmentation to enable the court to grant, if warranted, some auxiliary injunctive relief appertaining to the same basic controversy.

The grounds of appeal, as presented to us by the argument and brief of counsel for the appellant appear to be hypothetically predicated upon the assumption that the original complaint failed to allege a cause of action within the jurisdiction of the court. That postulate is not before us for review. We incidentally note that the defendant has filed an answer to the original complaint. The cause of action alleged in the original complaint with issue joined therefore awaits trial.

No application for more expansive restraint embracing the use of the parsonage appears to have been made under the amended complaint. For many years past a bill of complaint in the former Court of Chancery was not required to be verified unless the complainant desired some *ex parte* relief under it. *In re Ungaro's Will*, 88 *N. J. Eq.* 25 (*Ch.* 1917). So today, *Rule* 3:11.

We are not aware of any existing rule that an amendment which merely amplifies the structure of the original complaint must of necessity have attached to it a verification of its supplementary allegations. New parties may be brought into the litigation. *Rule* 3:21. The court is empowered to allow amendments which allege "a new or different claim or defense in the pleading." *Rule* 3:15–3. The contention that upon filing the amended complaint, it must under our modern practice have annexed to it a copy of the original complaint is frivolous.

The conspicuously predominant objective of our new rules of practice is to diminish the traditional formularies of

the common law technology of procedure in the more expeditious and complete determination of the rights of litigants in the controversy considered in its entirety in the one action unless in so doing the substantial rights of the parties are jeopardized and the administration of justice rendered impracticable.

The present appeal is dismissed.